IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **JEREMY COLTON LIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 2:23-00309 |
| **v.** ) | |
| ) | |
| **WV DEPARTMENT OF CORRECTIONS** ) | |
| **AND REHABILITATION,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), filed on April 5, 2023. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On April 5, 2023, Plaintiff, acting *pro se*, filed a Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1) and Complaint seeking relief for alleged violations of his constitutional and civil rights pursuant to 42 U.S.C. § 1983 (Document No. 2).[1] In his Complaint, Plaintiff names the following as Defendants: (1) West Virginia Division of Corrections and Rehabilitation ("WVDOC"); (2) South Central Regional Jail ("SCRJ"); (3) Christopher Mason; (4) R. Thompson; and (5) William Marshall. (Document No. 2.) Plaintiff appears to allege that

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Defendants are subjecting him to unconstitutional conditions of confinement in violation of the Eighth Amendment. (Id.) Plaintiff alleges that "there is black mold growing in the window seals, showers, shower vents, and the ventilation shaft in the ceiling." (Id., p. 4.) Plaintiff claims that "each Defendant is involved because they are not doing anything to resolve the problem." (Id.) Plaintiff complains there "has been no inspection." (Id.) Plaintiff states "they are ignoring the problem and this is a serious safety hazard and may be fatal for multiple individuals including myself." (Id.) Plaintiff requests injunctive and monetary relief. (Id., p. 5.) As an Exhibit, Plaintiff attaches a copy of his "WVDOC Inmate Grievance Form." (Document No. 2-1.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when

it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **DISCUSSION**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Improper Parties:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The undersigned finds that the WVDOC and SCRJ are improper defendants. It is well recognized that a Section 1983 claim must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983). In Will v. Michigan Dept. of State Police, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983". Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The holding in Will applies not only to suits against the State, but also to suits against "public entities and political subdivisions" that are an "arm or alter ego" of the State. Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)(citation omitted). It is well recognized that WVDOC is an arm of the State and is not a "person" within the meaning of Section

1983. See Rauch v. West Virginia Division of Corrections, 2014 WL 3732123 (S.D.W.Va. July 25, 2014)(J. Copenhaver)(WVDOC is not a "person" for purpose of Section 1983); Berry v. Rubenstein, 2008 WL 1899907, * 2 (S.D.W.Va. April 25, 2008)(J. Faber)("WVDOC is an arm of the state and is therefore immune from suit under the Eleventh Amendment"); also see Lewis v. Western Regional Jail, 2012 WL 3670393, * 5 (S.D.W.Va. July 24, 2012)(finding that the Western Regional Jail was not a "person" subject to suit under Section 1983); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Furthermore, pursuant to the Eleventh Amendment, the power of the federal judiciary does not extend to suits by a citizen against his or her own state. Hans v. Louisiana, 134 U.S. 1, 9, 10 S.Ct. 504, 33 L.Ed. 842 (1980); also see Will, supra, 491 U.S. at 66, 109 S.Ct. at 2309 (Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Kinder v. PrimeCare Med., Inc., 2015 WL 1276748, * 2 (S.D.W.Va. March 19, 2015)(dismissing the Western Regional Jail based on Eleventh Amendment grounds). Accordingly, the undersigned finds that the WVDOC and SCRJ must be dismissed because neither are a "person" as required by Section 1983.

**2.     Eighth Amendment:**

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173,

96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both

6

'(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from his exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

In his Complaint, Plaintiff appears to contend that the conditions of his confinement were cruel and unusual because there is black mole in the window seals, showers, shower vents, and the ventilation shaft in the ceiling. (Document No. 2.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiff's allegations do not rise to the level of an Eighth Amendment claim. Plaintiff has failed to demonstrate that the above prison conditions amounted to a deprivation of a human necessity. See Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991)(plaintiff's allegations that the toilet in the cell did not work and continuously ran over causing the cell floor to stay filthy with waste stated an Eighth Amendment claim.) The conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380; see also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); Shrader v. White, 761 F.2d 975 (4th Cir. 1985)(prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim);Ajaj v. United States, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); Oliver v. Powell,

250 F. Supp. 2d 593, 604 (E.D.Va. 2002)(prisoner's allegations that cell contained roaches, leaky toilets, and peeling paint did not state a claim under the Eighth Amendment); Pickett v. Winston, 2020 WL 2814180, * 2 (W.D.Va. May 29, 2020)(dismissing Eighth Amendment claim where plaintiff alleged prison had mold in the ceiling, ventilation, and showers). Furthermore, Plaintiff fails to allege significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Although Plaintiff alleges that he was exposed to black mold, Plaintiff does not allege a "substantial risk of serious harm" or that he is experiencing serious symptoms or side effects from his alleged exposure. See Shrader, 761 F.2d at 984(finding no Eighth Amendment violation where there was "no evidence of disease result from mold in the shower"); Henry v. Lydia, 2023 WL 11267808, * 5 (D.S.C. May 18, 2023), report and recommendation adopted, 2024 WL 1880635 (D.S.C. April 30, 2024), aff'd, 2024 WL 3633586 (Aug. 2, 2024)(allegation that black mold can cause pneumonia, death, or other health hazards was insufficient because "the allegation that a plaintiff will suffer a future injury at the hands of a defendant must be non-speculative and must evince more specificity than the future harm will occur 'some day.'"); Snyder v. Western Regional Jail Authority, 2019 WL 6523198, * 12 (S.D.W.Va. Nov. 4, 2019), report and recommendation adopted, 2019 WL 6521989 (S.D.W.Va. Dec. 3, 2019)(dismissing inmate's claim where there was no assertion of "any injury related to mold exposure, much less a significant injury, and he does not assert that any of the named defendants were aware of the existence of the mold and disregarded the risk to Plaintiff's health or safety"); Randolph v. Dozier, 2017 WL 8222364, * 4

(D.S.C. Nov. 20, 2017), report and recommendation adopted, 2018 WL 1124543 (March 1, 2018)(dismissing inmate's condition of confinement claim where there was no admissible evidence supporting a finding that plaintiff faced a "substantial risk of serious harm" from mold); Dobbins v. McDowell County Correctional Center, 2016 WL 7043019, * 4 (S.D.W.Va. Oct. 4, 2016), report and recommendation adopted, 2016 WL 7031902 (S.D.W.Va. Dec. 1, 2016)(finding plaintiff failed to state a claim even though he alleged he was allergic to black mold, plaintiff did not allege his exposure caused serious symptoms or side effects); Willis v. Clark, 2012 WL 5397115, * 7 (S.D.W.Va. Oct. 9, 2012), report and recommendation adopted, 2012 WL 5397113 (S.D.W.Va. Nov. 5, 2012)("In regard to Willis's claims of finding mold on the shower ceilings . . . . Willis fails to satisfy the objective prong of an Eighth Amendment claim because he has not alleged any 'serious or significant physical or emotional injury' or substantial risk thereof resulting from these conditions." ) Although Plaintiff contends that each Defendant was aware of the black mold, Plaintiff completely fails to allege any facts that each Defendant was aware of an excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk. Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 20, 2024.



Omar J. Aboulhosn
United States Magistrate Judge